GONZÁLEZ, PLAINTIFF AND APPELLANT, *v.* RIVERA, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Arecibo in Injunction Proceedings.

No. 2670.—Decided December 22, 1922.

INJUNCTION—POSSESSION—USUFRUCT—DISPOSSESSION.—A, the owner of a building erected on a lot, the usufruct title to which, granted him by the municipality, was recorded in his name, was dispossessed by B, who also had a usufruct title to a part of the lot on which he built a house which did not cover the whole of the area taken possession of. *Held:* That by the injunction to recover possession established by Act No. 43 of 1913, A can recover that part of the area seized which was not occupied by the building erected thereon by B with the knowledge of A and without objection on his part.

The facts are stated in the opinion.

*Mr. L. Mercader* for the appellant.

*Mr. A. Brusi* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The court below after a trial on the merits dismissed an action for relief by injunction to recover the possession of real property for reasons stated as follows:

"In my opinion the plaintiff here has no cause of action for or right to the injunction prayed for. The land was granted to him in usufruct for the erection thereon of the moving picture theater which he has built, and there is no proof that he has been dis-

turbed in its possession by the defendant, who likewise obtained from the Municipal Assembly of Hatillo a grant in usufruct for an unlimited period of another part of the lot for the erection of a house according to the conditions set out in the petition, and he has been building the house without any opposition on the part of the plaintiff, who, as stated by witness Luis Lamur, passed by the place every day and 'never made any complaint. The said witness also testified that there was no fence, but only a line of posts some distance apart.

"The purpose of the injunction provided for by section 1 of Act No. 43 of 1913 is to recover the material possession of real property when a party shows to the court that he has been deprived of such material possession, and although in the case at bar the plaintiff has shown that he is the owner of the moving picture theater and holds the material possession of the part of the lot covered by said building, he has made no showing that he holds the material possession of the land on which the house is being constructed by the defendant, who holds under a similar title and with equal right as the other part of the lot covered by said theater is held by the plaintiff.

"Moreover, this is not a proper case for an injunction to recover the material possession of real property as provided for by Act No. 43 of 1913. The proceeding established by that act has for its object, as indicated by its title, the recovery of the material possession of real property, it being equivalent, therefore, to what is called an 'interdict for recovery' under the Spanish legislation; but the case presented by the complaint is not an interdict or injunction for the recovery of property, but properly constitutes what was known as an 'interdict of new building,' or a prohibitory interdict for the suspension of a work already begun on land of another, and this sort of an interdict can not be substituted for the procedure provided for in Act No. 43 of 1913; and in the absence of the 'interdict of new building,' which does not exist under our law, such a case requires the proceeding of a declaratory action so that the rights of the parties may be determined therein pursuant to the provisions of the Civil Code governing the matter concerning the erection on another person's property which, in any event, is a case distinct from the present one in which the parties do not own the land, but are only usufructuaries.

"The ultimate object of the injunction in this case is to recover the material possession of the land, which would amount to a demo-

lition of that part of the building already built and require a de-
termination of a right which calls for a declaratory action."

Petitioner had been in possession for about two years
and had recorded his title in the registry of property. The
theatre is on the corner of the lot fronting west. The strip
of land in controversy seems to have been in continuous use
in connection with the operation of the theatre. The rear
portion thereof was occupied by outhouses required by the
Health Department. A fence marking the northern bound-
ary was destroyed by defendant. Petitioner explains the
absence of a fence across the front by the statement that
he was required to keep this space alongside the building
open as an emergency exit. The failure to protest against
the building of a house at the outset is explained by the
further statement that petitioner was ill at the time work was
begun. The witness Luis Lamur is the carpenter employed
to build the house by the owner thereof.

For the purposes of this opinion, however, we accept the
finding of the court below that petitioner made no protest
against the building of the house.

The crisis came when the owner of the new structure, an
insular policeman, demanded of petitioner that he remove
the outbuildings in the rear. This was met by the counter
suggestion that defendant might remove the building in
process of construction by him. The defendant then put in
the posts for a fence that would cut off access from the
theatre to the outhouses. Thereupon petitioner instituted the
present proceeding.

Obviously the court below overlooked the amendment of
1917 extending the remedy by injunction to include cases
not within the contemplation of the law of 1913 as originally
enacted. Nor apparently did it occur to the trial judge that
possession of a part of the strip in controversy might be
restored to the possession of the petitioner without injury
or injustice to defendant.

We are ourselves satisfied that no such opposition to the erection of the house was shown as to entitle the petitioner to relief by redelivery of the ground actually so occupied. The law here invoked is designed to protect those who have been deprived of possession without their knowledge or consent, or who are threatened with such ouster or otherwise disturbed. No man can be permitted to remain silent while a house is being built upon his land with his knowledge or tacit consent and then when the building is nearing completion to demand that a court of justice place him in the immediate possession thereof by this summary procedure that excludes all question of title or superior equitable rights. On the other hand, no one, even though he be an insular policeman, may demand that his neighbor remove an offending structure from land in the actual possession of sucn neighbor, and upon refusal to comply with this request proceed to fence in the land so occupied. To hold otherwise would oblige the one thus ousted to assume the burden of plaintiff in an action wherein he is entitled to the benefits accruing from the easier and safer role of defendant. The law of 1913 was largely if not primarily designed to prevent the obtaining of such unfair advantage and is admirably adapted to that purpose.

The question of title or of equal or superior rights under conflicting titles is not involved.

Petitioner was in actual possession of the land in controversy. That possession was evidenced by a fence along one side, a moving picture house on the other with exits opening on the disputed strip and outbuildings standing on the rear thereof in nightly, if not in daily, use by patrons of the theatre. Defendant himself testified that the posts placed by him and mentioned by the trial judge were fence posts, and that his intention was to complete the fence. To deprive petitioner of these accessories required by law or health regulations having the force of law might, to say

the least, mean the closing of his theatre by the health authorities.

The judgment appealed from must be reversed and in. lieu thereof the judgment of this court should provide for the full protection of the petitioner in his free possession, use and enjoyment of so much of the strip in controversy as is not covered by the building erected thereon by defendant.

*Reversed.*

Chief Justice Del Toro and Justices Wolf and Aldrey concurred.

Mr. Justice Franco Soto took no part in the decision of this case.